IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| DULCES ARBOR, S. DE R.L. DE C.V., | § | Case No. 11-31199-LMC-11 |
| | § | |
| Debtor. | § | |

**DEBTOR'S APPLICATION FOR APPROVAL OF POST-PETITION
FINANCING ON A SENIOR-LIEN SECURED BASIS**

TO THE HONORABLE LEIF M. CLARK, UNITED STATES BANKRUPTCY JUDGE:

Now comes the Debtor-in-Possession DULCES ARBOR, S. DE R.L. DE C.V. and through its attorney undersigned files this Application for Approval of Post-Petition Financing on a Senior-Lien Secured Basis, and would show:

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

1.

Petition date in these proceedings is June 22, 2011. Jurisdiction arises under 28 U.S.C. § 1334.

2.

The Debtor has scheduled over 31 million in assets and over $11,619,243.51 in debts, some of them disputed. Debts to non-insiders are scheduled at $6,362,197.51. The purpose of these Chapter 11 proceedings is to attain a viable way to pay those creditors.

3.

DULCES ARBOR S. de R.L. de C.V. is a Mexican maquila corporation which has assets in the United States, all of them in this District, and most of those in this Division. Its main office and sole administrators are in El Paso. Until 2006, DULCES ARBOR was in the candy manufacturing business, operating a 330,000 square foot plant in Juarez, Mexico, bearing the address 1810 Magnetic. In 2006, DULCES ARBOR decided it would sell that plant, and although the buyer took occupancy, the buyer has never closed the purchase. Neither has the buyer ever paid any of the agreed rental–more than $132,000.00 per month–for the premises and the equipment inside. The recalcitrant buyer also is using a valuable U.S. patent for a candy-wrapping machine, which is held by DULCES ARBOR, and is not paying anything for its use.

4.

DULCES ARBOR needs to file a turnover complaint under 11 U.S.C. § 542 and a Title 35 claim for the patent infringement, against the occupant of the 330,000 plant and its affiliates–including two U.S. citizens and four U.S. corporations–who have systematically and oppressively acted together to deprive DULCES ARBOR of its property, its rent, its past-due rent, and the value of the patent. If DULCES ARBOR–which has its own U.S. affiliates–can recover those assets, it will be a relatively simple matter for DULCES ARBOR to pay its creditors over a reasonable period of time through a Chapter 11 Plan.

5.

DULCES ARBOR accordingly has no income at the present time. The "insider" debt–about $5,257,046.00–is for loans to the company, from U.S. entities, that have kept DULCES ARBOR afloat while the turnover defendants have been pocketing the Debtor's income. The effort to recover the present and past rents and patent damages, through turnover and Title 35 litigation, is expected to yield the income to make a full payout Plan feasible. DULCES ARBOR must borrow the money to pay for that litigation, and other administrative expenses. DULCES ARBOR has sources of that borrowing, who insist on having senior secured claims for the sums they loan to the Debtor.

6.

DULCES ARBOR has filed, separately from this Application an Application to Employ the El Paso firm of PIERCE & LITTLE, P.C., to prosecute the turnover and patent infringement actions.

7.

The persons who are willing to lend to the Debtor are four insiders: RAYMOND DUCORSKY, who is DULCES ARBOR's Sole Adminsitrator; RAYMOND DUCORSKY's eldest son MARK DUCORSKY, who is acting as Assistant to the Sole Administrator; RAYMOND DURCORSKY's younger son BRAD DUCORSKY; and an affiliate known as Blueberry Sales, L.L.P., a Delaware limited liability partnership. The percentages in which they will lend have not been worked out yet, but will be, as the funds to be loaned are needed.

8.

The loans are to be secured on a senior-lien basis by rent and past-due rent owed to the Debtor for the use of its 330,000-square-foot building at 1810 Magneto in Ciudad Juarez, Mexico.

9.

Those rents have not been collectible for over three years. They accrue, however, at over $132,000.00/mo., and the purpose of the turnover litigation is to collect those rents.

10.

DULCES ARBOR is unable to borrow elsewhere. DULCES ARBOR does not have the liquidity to bring on the turnover and patent infringement, litigation that is necessary for an effective reorganization, and DULCES ARBOR must borrow to support it.

11.

DULCES ARBOR is aware that MAPLE COMMERCIAL FINANCE CORPORATION ("MAPLE") asserts a first priority lien upon the rents from 1810 Magneto. *See* the demand letter for remittance of those rents, sent by MAPLE to the attorney whom MAPLE believed to represent the tenant, on June 3, 2011. *See also* the reply letter which MAPLE received in return (Exhibits "A" and "B" hereto attached). DULCES ARBOR believes MAPLE may not be properly secured under applicable Mexican law; however, that controversy is not before this Court for decision.

12.

Ordinarily, rents accruing post-petition from estate property are cash collateral in a Chapter 11 case, unless the Bankruptcy Court orders otherwise. 11 U.S.C. § 552(b)(2).

13.

The litigation to be brought by DULCES ARBOR should be beneficial for this estate and its creditors alike, including MAPLE, because MAPLE has been no more able to collect the rent than DULCES ARBOR has.

14.

DULCES ARBOR seeks a single collective senior lien for the DUCORSKYS and DULCES BLUEBERRY, L.L.P., shared in proportion to the sums each advances, upon the first $30,000.00 of each month's rent recovered through the turnover suit, to persist once the rents are incoming until all sums advanced by DUCORSKYS and/or DULCES BLUEBERRY, L.L.P. under the grant of the senior lien have been recovered. The $30,000 of rent recovered in any month will be deposited into a special Debtor-in-Possession account and held there pending approval(s) of fee applications or other applications to pay back administrative expenses fronted by the DUCORSKYS and/or DULCES BLUEBERRY, L.L.P. All other rent collected through the turnover suit–which bodes to be more than $100,000.00 per month--is to stay segregated in a second interest-bearing account, pending determination of the validity, extent, and priority of MAPLE's asserted lien or liens upon the 1810 Magneto property and/or its rents, or until other appropriate Order of this Court or Court-approved agreement between DULCES ARBOR and MAPLE.

15.

The grant of a senior lien on the rents under 11 U.S.C. § 364(d)(1) will not prejudice MAPLE, assuming its asserted lien is valid. MAPLE is getting no rent upon any claim of assignment, and success by the Debtor in the turnover litigation, appears to be a MAPLE's best chance of changing that set of conditions. MAPLE's allegedly secured claim is scheduled (albeit in a disputed status) by the Debtor in an amount of $2,750,000.00. The real property is scheduled at a value of $12.5 million. The past-due rents are scheduled at over $7.1 million. MAPLE has

asserted another claim against DULCES ARBOR, in what appears to be a grossly-exaggerated amount of approximately $9 million. Even if that claim turns out to be owed, in such an amount, the scheduled assets DULCES ARBOR seeks to recover, exceed that amount.

16.

DULCES ARBOR also wishes to be able to borrow on a senior lien secured basis from the DUCORSKYS and DULCES BLUEBERRY, L.L.P. to pay the attorney's fees of its Mexican counsel ROBERTO RENTERIA. The hiring of Mr. RENTERIA will be the subject of a separate Application, to be filed well before the hearing on this Application. There are many reasons to employ Mr. RENTERIA. He is DULCES ARBOR's attorney in Mexico, and a 330,000 square foot building is affected by local law on an ongoing basis. He is highly skilled in the areas of the Mexican laws of tenancy, real property ownership, and mortgages. One mission upon which DULCES ARBOR wishes to use him, is a determination of the validity, priority, and extent of the secured claims of MAPLE–not to try to defeat them entirely as debts, but to accord them their due rank and amount in this case. It is role is no different in that regard than debtors' counsel's role is, generally. The anticipated benefits of RENTERIA's services should so greatly improve the recovery prospects of other creditors, that, when considered alongside the equity cushion in 1810 Magneto, the use of rent moneys to back the advances to pay for his services, is fair. The Code, moreover, gives no weight or importance to whether any credit approved on a senior lien basis, gets used for legal work to determine the validity of the putative pre-existing lien.

WHEREFORE, PREMISES CONSIDERED, DULCES ARBOR prays for authority to borrow from the DUCORSKYS and DULCES BLUEBERRY, L.L.P., in such amounts as they are respectively able to advance, on a senior lien basis, such advances to be secured by a senior lien upon the first $30,000.00 per month of the monthly rent to be recovered from 1810 Magneto, Ciudad Juarez, Mexico, and as hereinabove described.

Respectfully submitted this 22nd day of July, 2011.

    /s/
E.P. BUD KIRK
Texas State Bar No. 11508650
Terrace Gardens
600 Sunland Park Drive
Building Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
Attorney for Debtor

## CERTIFICATE OF SERVICE

    I do hereby certify that on the 22nd day of July, 2011, I did cause a copy of the following Application for Approval of Post-Petition Financing on a Superpriority Secured Basis to be mailed by postage pre-paid U.S. Mail to <u>U.S. Trustee</u>, P.O. Box 1539, San Antonio, TX 78295; to <u>Dulces Arbor, S. DE R.L. DE C.V.</u>, 114 Calle Corrales, El Paso, TX 79912; to <u>David R. Pierce</u>, 221 N. Kansas, Ste. 504, El Paso, TX 79901; to <u>Maple Commercial Finance Corp.</u>, c/o Henry T. Berry, 10 Exchange Place, Ste. 2600, Jersey City, NJ 07302; and to <u>Jack Partain</u>, Fulbright & Jaworski, L.L.P., 98 San Jacinto Boulevard, Suite 1100, Austin, TX 78701; and to <u>all parties in interest in this case, as shown on the attached list</u>.

    /s/
E.P. BUD KIRK

3970-JG-071811

Accounts Receivables UPS
55 Glenlake Parkway
Atlanta, GA 30328

Alejandro Franco
1313 John Ring Ln.
El Paso, TX 79936

Alex Bonnet
El Paso Language Services
3700 Hueco Valley Dr., #4103
El Paso, TX 79938

Arbor Confections, Inc.
2711 Centerville Rd., Ste.400
Wilmington, DE 19808

Banco Santander, S.A.
Grupo Financial Santander
Division Fiduciaria
Prol. Paseo de la Reforma
500 Colonio L

Bank of the West
501 N. Mesa
El Paso, TX 79901

Bernard R. Given
Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048

Blueberry Sales, LLP
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

Brad Ducorsky
5706 Mira Sierra Lane
El Paso, TX 79912

Citibank, N.A.
100 Citibank Dr.
San Antonio, TX 78425

Erica Matthews
BBVA Compass Bank
AL BI SC RCH
P.O. Box 10566
Birmingham, AL  35296

Grupo Nacional Provincial
Ransom Becker Insurance Agency
6428 Calle Vista City
El Paso, TX  79912

JP Morgan Chase
NAtional Subpoena Processing
Mail Code IN1-4054
7610 West Washington St.
Indianapolis, IN 46231

Maple Commercial Finance Corp.
Henry T. Berry
10 Exchange Place, Ste. 2600
Jersey City, NJ  07302

Marco Canales
Vargas and Canales, S.C.
201 Cortez Dr., Ste. 613
El Paso, TX  79905

Mark Ducorsky
114 Calle Corrales
El Paso, TX  79912

Raymond Ducorsky
114 Calle Corrales
El Paso, TX  79912

Roberto Calvo
Calvo & Associates
P.O. Box 3721
El Paso, TX  79923

Roberto Renteria
4040 Boy Scout Lane
El Paso, TX  79922

ScottHulse, P.C.
1100 Chase Tower
201 East Main Drive
El Paso, TX  79901

Secretario de Hacienda
y Creditor Publico
Internacional Benito Juarez
Ciudad Juarez, Chihuahua, Mexico 32530



# FULBRIGHT
## &Jaworski L.L.P.
*Attorneys at Law*

Chris Watt
*Partner*

---

Fulbright Tower • 1301 McKinney, Suite 5100 • Houston, Texas 77010-3095
cwatt@fulbright.com • Direct: 713 651 7725 • Main: 713 651 5151 • Facsimile: 713 651 5246

June 3, 2011

**VIA EMAIL & CERTIFIED MAIL RRR**

Mr. Corey W. Haugland
James & Haugland, P.C.
609 Montana Avenue
El Paso, Texas 79902

Re: No. 2009-765; *Casa Brokers, LLC, et al. v. Elamex S.A. de C.V., et al. and Maple Commercial Finance Corp.*; In County Court at Law No. 3, El Paso County, Texas

Dear Corey:

As you know, Maple Commercial Finance Corp. has acquired from Bank of the West that certain Promissory Note dated July 10, 2005 made by Dulces Arbor in the original principal amount of $3,842,864.00 (the "Note"). As you are also aware, in conjunction with its acquisition of the Note, Maple was assigned the right to receive all rent payments for the Magneto property (the "Assignment"), which your clients currently occupy, as provided for in the July 10, 2005 Pledge Agreement executed by Dulces Arbor (the "Pledge Agreement"). Although you have previously been provided with these documents, I have enclosed copies of the Assignment and the Pledge Agreement for your convenience.

Pursuant to the Assignment and Pledge Agreement, please have your clients direct all rental payments for the Magneto property to Maple Commercial Finance Corp. at 10 Exchange Place, Suite 2600, Jersey City, New Jersey, 07302.

Very truly yours,

Chris Watt

CW
Enclosure

81008256.1

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES
MINNEAPOLIS • MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC
www.fulbright.com

**EXHIBIT "A"**

Mr. Corey W. Haugland
June 3, 2011
Page 2

cc:    Mr. David Pierce
       Law Office of David Pierce
       221 N. Kansas, Suite 1301
       El Paso, TX 79901

81002856.1

## JAMES & HAUGLAND, P.C.
### ATTORNEYS AND COUNSELORS AT LAW

WILEY F. JAMES III
COREY W. HAUGLAND
JAMES T. BALL
ALDO R. LOPEZ

609 MONTANA AVENUE
EL PASO, TEXAS 79902

MAILING ADDRESS:
P.O. BOX 1770
EL PASO, TEXAS 79949-1770

(915) 532-3911

FACSIMILE: (915) 541-6440

June 10, 2011

Chris Watt
Fulbright & Jaworski, LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

VIA FAX #713-651-5246

RE: Dulces Arbor, et al. vs. Elamex, S.A. de C.V., et al.; Cause Number 2009-765

Dear Chris:

This letter is sent in response to your June 3, 2011 e-mail and certified letter, which I have attached. Your letter misstates the facts of the above case. I do not have a client who is occupying the Magneto property. The Magneto property is currently occupied by Dulces Blueberry, S.A. de C.V.

Confecciones de Juarez, S.A. de C.V. is doing business with Dulces Blueberry, S.A. de C.V. pursuant to a submaquila agreement. Mount Franklin Foods, LLC is doing business with Confecciones de Juarez, S.A. de C.V., pursuant to a maquila agreement. Pursuant to that maquila agreement, Mount Franklin Foods pays a rent component as part of its monthly fee to Confecciones. Confecciones is obligated to pay a monthly rent component to Dulces Blueberry, S.A. de C.V. as part of its submaquila agreement.

However, Confecciones has been offsetting all or part of its monthly rent component to Dulces Blueberry pursuant to a formal offset agreement entered into by the parties. Confecciones and/or other Elamex related entities have advanced funds to and paid obligations of Dulces Blueberry in order to keep its employees from seizing the facility and shutting down operations in the Magneto property. Because of the offset arrangement, Dulces Blueberry has been left in a position where its ability to pay rent to Dulces Arbor or Maple may be impaired.

I have forwarded your letter on to my client. I am trying to learn the status of the offset arrangement in existence between Confecciones and Dulces Blueberry. I have also asked our Mexican attorneys to advise if the documentation provided and the action taken by Maple Commercial Finance Corp. have put it in a position to collect the rents generated by the Magneto property in Mexico from any of my clients (as a matter of Mexican law, I don't believe that to be the case).

I am still awaiting responses from both my client and the Mexican attorneys. Once I have a better understanding of the status of the Magneto property, and the answers to the above issues, I will more fully respond to your correspondence.

EXHIBIT "B"

June 10, 2011
Page 2

Thank you for your patience while I investigate this situation.

Very truly yours,

JAMES & HAUGLAND, P.C.

By: _____
Corey W. Haugland

CWH/jb

cc: Elamex, S.A. de C.V., Via E-Mail