IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| DULCES ARBOR, S. DE R.L. DE C.V., | § | Case No. 11-31199-LMC-11 |
| | § | |
| Debtor. | § | |

**DEBTOR'S FIRST AMENDED APPLICATION FOR APPROVAL OF POST-PETITION FINANCING ON A SUPER-PRIORITY BASIS**

TO THE HONORABLE LEIF M. CLARK, UNITED STATES BANKRUPTCY JUDGE:

Now comes the Debtor-in-Possession DULCES ARBOR, S. DE R.L. DE C.V. and through its attorney undersigned files this First Amended Application for Approval of Post-Petition Financing on a Super-Priority Basis, and would show:

1.

Petition date in these proceedings is June 22, 2011. Jurisdiction arises under 28 U.S.C. § 1334.

2.

The Debtor has scheduled over 31 million in assets and over $11,619,243.51 in debts, some of them disputed. Debts to non-insiders are scheduled at $6,362,197.51. The purpose of these Chapter 11 proceedings is to attain a viable way to pay those creditors.

3.

DULCES ARBOR S. de R.L. de C.V. is a Mexican maquila corporation which has assets in the United States, all of them in this District, and most of those in this Division. Its main office and sole administrators are in El Paso. Until 2006, DULCES ARBOR was in the candy manufacturing business, operating a 330,000 square foot plant in Juarez, Mexico, bearing the address 1810 Magneto. In 2006, DULCES ARBOR decided it would sell that plant, and although the buyer took

occupancy, the buyer has never closed the purchase. Neither has the buyer ever paid any of the agreed rental–more than $132,000.00 per month–for the premises and the equipment inside. The recalcitrant buyer also is using a valuable U.S. patent for a candy-wrapping machine, which is held by DULCES ARBOR, and is not paying anything for its use.

4.

DULCES ARBOR needs to file a turnover complaint under 11 U.S.C. § 542 and a Title 35 claim for the patent infringement, against the occupant of the 330,000 square-foot plant and its affiliates–including two U.S. citizens and four U.S. corporations–who have systematically and oppressively acted together to deprive DULCES ARBOR of its property, its rent, its past-due rent, and the value of the patent. If DULCES ARBOR–which has its own U.S. affiliates–can recover those assets, it will be a relatively simple matter for DULCES ARBOR to pay its creditors over a reasonable period of time through a Chapter 11 Plan.

5.

DULCES ARBOR accordingly has no income at the present time. The "insider" debt–about $5,257,046.00–is for loans to the company, from U.S. entities, that have kept DULCES ARBOR afloat while the turnover defendants have been pocketing the Debtor's income. The effort to recover the present and past rents and patent damages, through turnover and Title 35 litigation, is expected to yield the income to make a full payout Plan feasible. Meanwhile, DULCES ARBOR must borrow the money to pay for that litigation, and other administrative expenses. DULCES ARBOR has sources of that borrowing, who insist on having super priority claims for the sums they loan to the Debtor.

6.

DULCES ARBOR has filed, separately from this Application, an Application to Employ the El Paso firm of PIERCE & LITTLE, P.C., to prosecute the turnover and patent infringement actions.

7.

The persons who are willing to lend to the Debtor are four insiders: RAYMOND

DUCORSKY, who is DULCES ARBOR's Sole Adminsitrator; RAYMOND DUCORSKY's eldest son MARK DUCORSKY, who is acting as Assistant to the Sole Administrator; RAYMOND DURCORSKY's younger son BRAD DUCORSKY; and an affiliate known as Blueberry Sales, L.L.P., a Delaware limited liability partnership. The percentages in which they will lend have not been worked out yet, but will be, as the funds to be loaned are needed.

8.

DULCES ARBOR is unable to borrow elsewhere. DULCES ARBOR does not have the liquidity to bring on the turnover and patent infringement litigation that is necessary for an effective reorganization, and DULCES ARBOR must borrow to support it.

9.

The super-priority loans are to be repaid as soon as practicable from funds recovered as rent and past-due rent owed to the Debtor for the use of its 330,000-square-foot building at 1810 Magneto in Ciudad Juarez, Mexico, subject to any provisions this Court may impose as to use of cash collateral; *see below*.

10.

Those rents have not been collectible for over three years. They accrue, however, at over $132,000.00/mo., and the purpose of the turnover litigation is to collect those rents.

11.

DULCES ARBOR is aware that MAPLE COMMERCIAL FINANCE CORPORATION ("MAPLE") asserts a first priority lien upon the rents from 1810 Magneto. *See* the demand letter for remittance of those rents, sent by MAPLE to the attorney whom MAPLE believed to represent the tenant, on June 3, 2011. *See also* the reply letter which MAPLE received in return (Exhibits "A" and "B" hereto attached). DULCES ARBOR believes MAPLE may not be properly secured under applicable Mexican law; however, that controversy is not now before this Court for decision.

12.

Ordinarily, rents accruing post-petition from estate property are cash collateral in a Chapter 11 case, unless the Bankruptcy Court orders otherwise. 11 U.S.C. § 552(b)(2). At such time as rents are recovered, DULCES ARBOR will promptly file a Motion for authorization to use cash collateral, so that the rent can be apportioned into a monthly amount needed for adequate protection of MAPLE's interest, whatever it turns out to be, and a monthly amount needed for Chapter 11 operations. The reimbursement of the superpriority lenders will come from the portion of the rents then allocated for Chapter 11 operations.

13.

The litigation to be brought by DULCES ARBOR should be beneficial for this estate and its creditors alike, including MAPLE, because MAPLE has been no more able to collect the rent than DULCES ARBOR has.

14.

Subject to the outcome of that cash collateral motion DULCES ARBOR seeks a superpriority administrative claim for the DUCORSKYS and DULCES BLUEBERRY, L.L.P., shared in proportion to the sums each advances, not to exceed the first $30,000.00 of each month's rent recovered through the turnover suit, to persist once the rents are incoming until all sums advanced by DUCORSKYS and/or DULCES BLUEBERRY, L.L.P. under the grant of superpriority have been recovered. The $30,000 of rent recovered in any month will be deposited into a special Debtor-in-Possession account and held there pending approval(s) of fee applications or other applications to pay back administrative expenses fronted by the DUCORSKYS and/or DULCES BLUEBERRY, L.L.P. All other rent collected through the turnover suit–which bodes to be more than $100,000.00 per month--is to stay segregated in a second interest-bearing account, pending determination of the validity, extent, and priority of MAPLE's asserted lien or liens upon the 1810 Magneto property and/or its rents, or until other appropriate Order of this Court or Court-approved agreement between DULCES ARBOR and MAPLE.

15.

The grant of a super priority claim on the rents under 11 U.S.C. § 364(d)(1) will not prejudice MAPLE, assuming its asserted lien is valid. The super priority claim is contingent upon (a) there being rents, and (b) subsequent permission to use cash collateral. MAPLE is getting no rent upon any claim of assignment, and success by the Debtor in the turnover litigation, appears to be MAPLE's best chance of changing that set of conditions. MAPLE's allegedly secured claim is scheduled (albeit in a disputed status) by the Debtor in an amount of $2,750,000.00. The real property is scheduled at a value of $12.5 million. The past-due rents are scheduled at over $6,978,829.00. MAPLE has asserted another claim against DULCES ARBOR, in what appears to be an overstated amount of approximately $9 million. Even if that claim turns out to be owed, in such an amount, the scheduled assets DULCES ARBOR seeks to recover, exceed that amount.

16.

The Court may wonder, whether this Application is ripe, and whether it addresses a present and adjudicable controversy. The issue is ripe because the DUCORSKYS and DULCES BLUEBERRY, L.L.P. want to establish now an entitlement to be reimbursed later, ahead of other creditors, subject to the conditions herein set out. If they do not obtain that entitlement now before loaning the Debtor money, they could well be too late to ask for it hereafter.

WHEREFORE, PREMISES CONSIDERED, DULCES ARBOR prays for authority to borrow from the DUCORSKYS and DULCES BLUEBERRY, L.L.P., in such amounts as they are respectively able to advance, on a super-priority basis, to be reimbursable out of the first $30,000.00 per month of the monthly rent to be recovered from 1810 Magneto, Ciudad Juarez, Mexico, to be subject to a separate Motion to use cash collateral, and as hereinabove described.

Respectfully submitted this 15th day of August, 2011.

    /s/
E.P. BUD KIRK
Texas State Bar No. 11508650
Terrace Gardens
600 Sunland Park Drive
Building Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
Attorney for Debtor

## CERTIFICATE OF SERVICE

    I do hereby certify that on the 15th day of August, 2011, I did cause a copy of the following First Amended Application for Approval of Post-Petition Financing on a Superpriority Basis to be mailed by postage pre-paid U.S. Mail to <u>U.S. Trustee</u>, P.O. Box 1539, San Antonio, TX 78295; to <u>Dulces Arbor, S. DE R.L. DE C.V.</u>, 114 Calle Corrales, El Paso, TX 79912; to <u>David R. Pierce</u>, 221 N. Kansas, Ste. 504, El Paso, TX 79901; to <u>Maple Commercial Finance Corp.</u>, c/o Henry T. Berry, 10 Exchange Place, Ste. 2600, Jersey City, NJ 07302; to <u>Mark Platt</u>, Fulbright & Jaworski, L.L.P., 2200 Ross Avenue, Suite 2800, Dallas, TX 75201; and to <u>all parties in interest in this case, as shown on the attached list</u>.

    /s/
E.P. BUD KIRK

3970-JG-080811

Accounts Receivables UPS
55 Glenlake Parkway
Atlanta, GA 30328

Alejandro Franco
1313 John Ring Ln.
El Paso, TX 79936

Alex Bonnet
El Paso Language Services
3700 Hueco Valley Dr., #4103
El Paso, TX 79938

Arbor Confections, Inc.
2711 Centerville Rd., Ste.400
Wilmington, DE 19808

Banco Santander, S.A.
Grupo Financial Santander
Division Fiduciaria
Prol. Paseo de la Reforma
500 Colonio L

Bank of the West
501 N. Mesa
El Paso, TX 79901

Bernard R. Given
Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048

Blueberry Sales, LLP
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

Brad Ducorsky
5706 Mira Sierra Lane
El Paso, TX 79912

Citibank, N.A.
100 Citibank Dr.
San Antonio, TX 78425

Erica Matthews
BBVA Compass Bank
AL BI SC RCH
P.O. Box 10566
Birmingham, AL  35296

Grupo Nacional Provincial
Ransom Becker Insurance Agency
6428 Calle Vista City
El Paso, TX  79912

JP Morgan Chase
NAtional Subpoena Processing
Mail Code IN1-4054
7610 West Washington St.
Indianapolis, IN 46231

Maple Commercial Finance Corp.
Henry T. Berry
10 Exchange Place, Ste. 2600
Jersey City, NJ  07302

Marco Canales
Vargas and Canales, S.C.
201 Cortez Dr., Ste. 613
El Paso, TX  79905

Mark Ducorsky
114 Calle Corrales
El Paso, TX  79912

Raymond Ducorsky
114 Calle Corrales
El Paso, TX  79912

Roberto Calvo
Calvo & Associates
P.O. Box 3721
El Paso, TX  79923

Roberto Renteria
4040 Boy Scout Lane
El Paso, TX  79922

ScottHulse, P.C.
1100 Chase Tower
201 East Main Drive
El Paso, TX  79901

Secretario de Hacienda
y Creditor Publico
Internacional Benito Juarez
Ciudad Juarez, Chihuahua, Mexico 32530